UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLORIA WEINSTOCK<br>     Plaintiff, | :<br>: |
| | : Civ. No. 3:02CV1326 (PCD) |
| v. | :<br>: |
| TIMOTHY WILK<br>     Defendant. | :<br>: |

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment, arguing there are no genuine issues of material fact and that he is thereby entitled to judgment as a matter of law.  The motion is **granted**.

**I.    BACKGROUND**[1]

On October 27, 1999 Defendant Timothy Wilk, a Southington Police Officer, responded to an accident (the "Accident") involving three vehicles.  When he arrived at the scene, only two vehicles remained.  The third had fled the scene (the "fleeing vehicle").

Defendant learned that the fleeing vehicle had triggered a chain reaction by striking one vehicle from behind, which in turn collided with the car in front of it.  From the other vehicles' drivers, Defendant learned that the driver of the fleeing vehicle was a woman, approximately five feet tall, weighing approximately 115-120 pounds.  The fleeing vehicle was described as dark colored, possibly gray, resembling a Volvo, with Connecticut registration number 638-LBN.  Plaintiff was then the registered owner of a gray Volvo, Connecticut registration number 638-LBN.  She matched the physical description provided by the other operators.

---

[1] Facts are taken from the parties Local Rule 56(a) statements, and are undisputed unless stated otherwise.

On November 9, 1999, Defendant went to the motor vehicle registration address listed. The current resident informed him that Plaintiff no longer resided there. He did speak with Plaintiff by telephone, during which Plaintiff denied involvement in the Accident claiming that she was not in Southington on October 27, 1999 and that only she had used her vehicle that day. Although she agreed to come to the Southington Police Department on November 11, 1999, she failed to appear.

On November 30, 1999, a Connecticut Superior Court Judge issued an Arrest Warrant for Plaintiff's arrest alleging that she evaded responsibility and followed too closely in violation of CONN. GEN. STAT. §§ 14-224 and 14-240. Plaintiff was processed on the charges and advised of her rights. At trial, she was acquitted on all charges.[2]

Count One alleges that Defendant deprived Plaintiff of her right to be free from abuse of process, malicious prosecution, and unreasonable arrest and seizure in violation of her constitutional and civil rights as provided by the Fourth and Fourteenth Amendments and by 42 U.S.C. §§ 1983 and 1988. Count Two alleges that Defendant deprived Plaintiff of her right to be free from false arrest and intentional infliction of emotional distress, secured by Connecticut law.

## II.    DISCUSSION

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that her arrest constituted a false arrest and malicious prosecution in violation of the Fourth Amendment. Additionally, Plaintiff contends that she was deprived of her right to be free from intentional infliction of emotional distress.

---

[2] Specifically Judge Dos Santos of the Connecticut Superior Court concluded that while it was proven beyond a reasonable doubt that Plaintiff's car was at the scene of the Accident and that it was the vehicle which triggered the chain reaction causing the three car accident, it was not proven beyond a reasonable doubt that the driver of the vehicle was Plaintiff. *See* Transcript of State v. Weinstock, No. CR99-37389, at 162-63.

2

### A. Standard of Review

A movant for summary judgment must establish that there are no genuine issues of material fact in dispute and that she is entitled to judgment as a matter of law. FED. R. CIV. P. (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986). Summary judgment is utilized to eliminate the delay and expense of a trial where there is no issue to be tried. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000); *Willis v. Anthem Blue Cross & Blue Shield of Conn.,* 193 F. Supp. 2d 436, 442 (D. Conn. 2001).

The evidence must be examined in the light most favorable to, drawing all inferences in favor of, the non-moving party. *Lucente v. IBM Corp.*, 310 F.3d 243, 253 (2d Cir. 2002). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). It is not, however, the court's prerogative to resolve disputed issues of fact. *See Law v. Camp*, 116 F. Supp. 2d 295, 300 (D. Conn. 2000). A court must assess whether there are any factual issues to be tried while resolving all ambiguities and drawing all reasonable inferences against the moving party. *Id*. Summary judgment may be granted only when reasonable minds could not differ as to the import of evidence. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). "Conclusory allegations will not suffice to create a genuine issue." *Delaware & H.R. Co. v. Conrail*, 902 F.2d 174, 178 (2d Cir. 1990). Determinations as to the weight to accord evidence or credibility assessments of witnesses are improper on a motion for summary judgment as such are within the sole province of the jury. *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996).

**B.    42 U.S.C. § 1983 Claims**

Plaintiff claims pursuant to 42 U.S.C. § 1983 that she was falsely arrested and maliciously prosecuted in violation of the Fourth and Fourteenth Amendments.[3] Defendant argues that summary judgment is proper because the undisputed facts demonstrate that he had probable cause to believe that Plaintiff was responsible for the crime for which she was arrested, and that probable cause acts as a complete defense to a civil rights claim alleging false arrest or malicious prosecution. *See Garcia v. Gasparri*, 193 F. Supp.2d 445, 449 (D. Conn. 2002).

    **1.    False Arrest**

Defendant contends that Plaintiff cannot sustain a claim for false arrest pursuant to 42 U.S.C. § 1943 because at the time of her arrest there was probable cause that Plaintiff committed the offenses charged. Plaintiff maintains that Defendant did not have the requisite probable cause to arrest her because the arrest warrant used to procured her arrest contained "false and misleading information." Consequently, Plaintiff contends that the Court must "correct" the arrest warrant affidavit by setting aside "false and misleading information" pertaining to eyewitness identification of Plaintiff at the scene of the Accident. Specifically, Plaintiff argues that Defendant failed to include in his arrest warrant affidavit the fact that neither eyewitness present at the scene of the Accident was able to identify Plaintiff in a photo line up.

An individual has a clearly established right not to be arrested or prosecuted without probable cause. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). To prevail on a Section

---

[3] Plaintiff's Complaint alleges, among other things, that Defendant deprived her of her right to be "free from abuse of process, malicious prosecution, unreasonable arrest and seizure secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and by Title 42 U.S.C. Section 1983 and Section 1988." *See* Complaint ¶ 15. Plaintiff, however, only addresses and argues the claims of false arrest and malicious prosecution in her Opposition Memorandum. Therefore, for the purposes of this ruling, this Court will only address whether Defendant is entitled to summary judgment as to the false arrest and malicious prosecution claims.

1983 false arrest claim, a plaintiff must establish that (1) the defendant intentionally arrested him or had him arrested, (2) the plaintiff was aware of the arrest, (3) there was no consent to the arrest, and (4) the arrest was not supported by probable cause. *Shattuck v. Town of Stratford*, 233 F.Supp.2d 301, 306 (D. Conn. 2002). Because Plaintiff only argues that Defendant lacked probable cause to arrest her, whether Defendant is entitled to summary judgment on the false arrest claim turns on whether, based on the facts alleged, Plaintiff's right to be free from arrest without probable cause was violated.

Probable cause exists under federal law when "the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Lennon v. Miller*, 66 F.3d 416, 424 (2d Cir. 1995). Likewise, under Connecticut law, probable cause "comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred." *Reese v. Garcia,* 115 F. Supp. 2d 284, 290 (D. Conn. 2000). Whether probable cause existed is a question that may be resolved as a matter of law on a motion for summary judgment if there is no dispute with regard to the pertinent events and knowledge of the officer. *See Weyant*, 101 F.3d at 852. Therefore, to satisfy his burden and to establish that he had probable cause, Defendant must demonstrate that in procuring Plaintiff's arrest he had a quantum of evidence "more than rumor, suspicion, or even strong reason to suspect." *United States v. Fisher*, 702 F.2d 372, 375 (2d Cir. 1983).

To establish probable cause, the evidence required does not have to support a conviction. *See id*. The fact that Plaintiff was acquitted of a crime for which she was arrested does not mean that probable cause was lacking. *See Krause v. Bennett*, 887 F.2d 362, 371 (2d Cir. 1989).

Whether there was evidence to support a finding of probable cause depends on the totality of the circumstances and those facts available to the arresting officer at the time of the arrest. *See Ill. v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996). In civil rights cases involving the claim of false arrest or prosecution without probable cause, a court must "put aside allegedly false information, supply any omitted information, and determine whether the contents of the corrected affidavit would have supported a finding of probable cause." 42 U.S.C. § 1983. If at the conclusion of this analysis probable cause remains, no constitutional violation of plaintiff's Fourth Amendment rights has occurred. *See id*.

The existence of probable cause is a complete defense to a false arrest claim. *See Garcia*, 193 F. Supp. At 449. Probable cause only exists when there are "facts and circumstances sufficient to warrant a prudent man believing that the [suspect] had committed or was committing an offense." *Lowth*, 82 F.3d at 569. Probable cause is presumed when the arrest is made pursuant to a warrant issued by a neutral magistrate. *See Golino v. City of New Haven*, 950 F.26 864, 870 (2d Cir. 1991). A plaintiff can overcome this heavy, but not insurmountable burden by demonstrating that his right not to be arrested without probable cause was violated when the officer submitting the probable cause affidavit "knowingly or intentionally, or with reckless disregard for the truth, made a false statement in his affidavit, or omitted material information, and that such false information was necessary to the finding of probable cause." *Id*.

Evaluating the totality of the circumstances and considering those facts available to Defendant at the time of the arrest, it is concluded that there are no disputed issues of material

6

fact in the instant case. Consequently, Defendant had probable cause to believe that Plaintiff was the operator of the fleeing vehicle and therefore the individual responsible for triggering the Accident. Prior to preparing the probable cause affidavit seeking the arrest of Plaintiff, Defendant thoroughly investigated the Accident. He interviewed and took written and signed statements from two eyewitnesses, both who informed him that the woman driving the vehicle that started the chain reaction strongly resembled Plaintiff's physical description.[4] After further investigation, Defendant showed both eyewitnesses a photo line up. While true that neither eyewitness was able to positively identify Plaintiff in this photo line up, contrary to Plaintiff's allegation, Defendant acknowledged and revealed this fact in his arrest warrant affidavit. *See* Arrest Warrant Application at ¶ 9. Furthermore, one of the eyewitnesses was able to provide Defendant with both the description of and the registration number of the car that had fled the scene, both of which matched the description of and registration number of a car owned by Plaintiff on the date of the Accident.

Finally, the arrest warrant was issued by a neutral magistrate, which in itself supports a finding of probable cause. Probable cause is presumed. Plaintiff has not overcome this presumption by making a substantial preliminary showing that the Defendant in his affidavit, knowingly and intentionally, or with reckless disregard for the truth, made a false statement which was necessary to the finding of probable cause. *See Golino*, 950 F.2d at 870. While Plaintiff attempted to make this showing by alleging that Defendant failed to reveal in his arrest warrant affidavit that neither eyewitness to the Accident were able to positively identify Plaintiff

---

[4] Additionally, in the course of his month long investigation, Defendant made attempts to contact and obtain information from Plaintiff. Plaintiff, however, refused to cooperate. *See* Local Rule 56(c)(1) Statement in Supp. of Def.'s Mot. for Summ. J. at ¶¶ 24-25, 27, 29.

in a photo line up, this claim is unfounded as Defendant did include this information in his arrest warrant affidavit. *See* Arrest Warrant Affidavit at ¶ 9. Plaintiff has failed to rebut this presumption by establishing that Defendant "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause." *Golino*, 950 F.2d at 870. Accordingly, Defendant's motion for summary judgment is **granted** on this claim.

### 2.   Malicious Prosecution

Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that she was a victim of a malicious prosecution in violation of the Fourth Amendment as Defendant did not have probable cause to arrest her and that he acted with actual malice in failing to reveal in his arrest warrant affidavit that neither eyewitness to the Accident was able to positively identify Plaintiff as being at the scene of the Accident. Defendant maintains that her claim for malicious prosecution fails because probable cause existed at the time of her arrest.

A Section 1983 malicious prosecution claim requires two inquiries (1) whether a defendant's conduct was tortious under state law, and (2) whether a plaintiff's injuries resulted from a deprivation of liberty guaranteed by the Fourth Amendment.[5] *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 116-117 (2d Cir. 1995). To make out a claim for malicious prosecution

---

[5] To allege a cause of action for malicious prosecution under Section 1983, generally a plaintiff must assert, in addition to the elements of malicious prosecution under state law, that there was a deprivation of liberty in violation of plaintiff's Fourth Amendment rights. *See Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). "The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person–i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty." *Id.* (*quoting Singer*, 63 F.3d at 116). Therefore, a plaintiff asserting a Fourth Amendment malicious prosecution claim must show some deprivation of liberty consistent with the concept of seizure. *See id.* Additionally, since the "gist of a claim for malicious prosecution is abuse of the judicial process," a plaintiff pursing such a claim must also show that the seizure resulted either from the initiation or pendency of judicial proceedings. *Id.*

under Connecticut law, the plaintiff must demonstrate that (1) the defendant initiated a prosecution against plaintiff, (2) without probable cause, (3) the proceeding was begun with malice, and (4) the matter ended in plaintiff's favor. *See Shattuck*, 233 F. Supp. 2d at 306. As with a false arrest claim, a showing of probable cause will defeat Plaintiff's claim and entitle Defendant to summary judgment.

Because the Court has determined that there is no disputed issue of material fact in the instant case as to whether Defendant had the requisite probable cause to arrest Plaintiff, Plaintiff cannot sustain a claim for malicious prosecution pursuant to 42 U.S.C. § 1983. Therefore, Defendant's motion for summary judgment on this claim is **granted**.[6]

### C. Intentional Infliction of Emotional Distress

Finally, Defendant contends that Plaintiff's state law claim for the intentional infliction of emotional distress cannot survive because Plaintiff has failed to establish the requisite elements of her federal claim.[7] Alternatively, Defendant argues that even if the Court were to retain jurisdiction over the state law claim, Defendant is entitled to summary judgment as Plaintiff has not established the elements necessary to prevail on her claim.

---

[6] Alternatively, Defendant contends that even if the arrest of Plaintiff was unsupported by probable cause, he is still shielded from liability as he is entitled to qualified immunity for his actions. Plaintiff argues that Defendant is precluded from asserting a qualified immunity defense because he misstated the evidence relating to the eyewitness identification of Plaintiff in the photo line up. The Court has concluded that Defendant had the requisite probable cause to procure the arrest of Plaintiff. Because probable cause acts as a complete defense to a civil rights claim alleging false arrest or malicious prosecution, it is unnecessary to determine whether Defendant is protected by the qualified immunity doctrine

[7] Generally, where a plaintiff pleads a federal causes of action and derivative state law claims in the same compliant, state law claims cannot survive once a federal law claim is found to be legally insufficient. *See* 42 U.S.C. § 1983; *Rocco v. NY Teamsters Conference Pension & Ret. Fund*, 281 F.3d 62, 72 (2d Cir. 2002); *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1197); *Lennon*, 66 F.3d at 426. Once a federal court dismisses the federal causes of action in a complaint, the court ceases to have subject matter jurisdiction over derivative state law claims, and therefore, must dismiss the state law claims as well. *Id*.

Plaintiff does not respond, and accordingly Defendant's motion for summary judgment on Plaintiff's claim for intentional infliction of emotional distress is **granted** absent opposition.

**IV. CONCLUSION**

Defendant's motion for summary judgment [Doc. No. 19] is hereby **granted** on Plaintiff's false arrest, malicious prosecution, and intentional infliction of emotional distress claims.[8]

SO ORDERED.

Dated at New Haven, Connecticut, December___, 2003.

/s/
Peter C. Dorsey
Senior United States District Judge

---

[8] Summary judgment on Count Two is granted in entirety and summary judgment on Count One is granted on malicious prosecution and unreasonable arrest and seizure. The abuse of process claim survives.