UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLORIA WEINSTOCK,<br>    Plaintiff, | :<br>:<br>: |
| -vs- | : Civil No. 3:02cv1326 (PCD)<br>: |
| OFFICER TIMOTHY WILK,<br>    Defendant. | :<br>: |

### RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Timothy Wilk moves for reconsideration of this Court's summary judgment ruling filed December, 16, 2003 [Doc. No. 26]. For the reasons stated herein, Defendant's motion [Doc. No. 27] is **granted**. On review of the issues raised, the prior ruling will stand.

**I.    BACKGROUND**

In July 2002 Plaintiff filed the present action against Defendant alleging false arrest, abuse of process, malicious prosecution, unlawful search and seizure, and intentional infliction of emotional distress in violation of both federal and Connecticut laws. Defendant moved for summary judgment. On December 16, 2003 this Court filed a Ruling on Defendant's Motion for Summary Judgment [Doc. No. 26] granting summary judgment against Plaintiff with respect to her allegations of false arrest, malicious prosecution, unreasonable search and seizure, and intentional infliction of emotional distress. Defendant now seeks reconsideration of the Court's Ruling with respect to Plaintiff's surviving abuse of process claim. Plaintiff has not responded.

**II.    DISCUSSION**

**A.    Standard of Review**

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. Consequently, the function of "a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence….'" *LoSocco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993). A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc*. 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted). Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**B.  Analysis**

Defendant argues that the Court overlooked the fact that Plaintiff filed a single count complaint, not a two-count complaint, and that Defendant sought summary judgment on the entire complaint. Additionally, Defendant contends that there are no factual allegations that could support an abuse of process claim. Consequently, Defendant maintains that he was entitled to summary judgment on Plaintiff's entire complaint.

It is well established that a motion for reconsideration must adhere to stringent standards. A motion for reconsideration is not simply a "second bite at the apple" for a party dissatisfied with a court's ruling. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Furthermore, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits…." *Id*. Thus, a party moving for reconsideration "must demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the [moving party] which, if left unredressed, would resulted in clear error or cause manifest injustice." *Metro. Entm't Co., Inc. v. Koplik*, 25 F. Supp. 2d 367,

2

368 (D. Conn. 1998) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

As an initial matter, Defendant's Memorandum in Support of Reconsideration reads more like a summary judgment memorandum than one for reconsideration. Defendant not only fails to identify the exacting standard necessary to grant reconsideration, but his argument header "There is no Genuine Dispute of Material Fact..." resembles a summary judgment argument. Def.'s Mem. of Law in Supp. of Mot. for Recons. at 3. Assuming arguendo, however, that Defendant did properly cite the exacting standard governing motions for reconsideration, he fails to meet the requirements for reconsideration.

Defendant alleges that the Court misconstrued his original Motion for Summary Judgment and contends that he intended to move for summary judgment on Plaintiff's entire complaint. Def.'s Mem. of Law in Supp. of Mot. for Recons. at 1. Defendant's argument is misguided. Even if Defendant did intend to move for summary judgment on Plaintiff's entire complaint, it is well settled that a party moving for summary judgment must *establish* that there are no genuine issues of material fact in dispute. FED. R. CIV. PROC. 56(c); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis added). Despite this burden, however, Defendant concedes that he did not brief the abuse of process claim in his initial Memorandum of Law in Support of Summary Judgment "principally because the facts here are undisputed and none of them could support an abuse of process claim." Def.'s Mem. of Law in Supp. of Mot. for Recons. at 3. While Defendant explicitly acknowledged that Plaintiff's claims included that she was deprived of her right to be free from false arrest, abuse of process, malicious prosecution and unreasonable arrest and seizure, he failed to unambiguously address each of these claims. *See* Def.'s Mem. of Law in Supp. of Summ. J. at 10. After contending that Plaintiff could not sustain her false arrest claim because Defendant had probable cause to arrest her, Defendant did not explicitly address

Plaintiff's other claims. *Id*. Defendant did not discuss the elements to abuse of process nor did he cite any legal authority regarding abuse of process. He simply concluded, without further argument, that "If there existed probable cause at the time of the arrest, the arrest is 'privileged,' and the individual has no constitutional or statutory claim against the officer who made the arrest." *Id*. (quoting *Decker v. Campus*, 981 F. Supp. 851, 856 (S.D.N.Y. 1997)).

Thus, in both his Memorandum in Support of Summary Judgment and his Memorandum in Support of Reconsideration, Defendant merely states, without explicitly arguing, that Plaintiff's abuse of process claim is unsupported by any factual allegations. "[J]ust as a district court is not required to scour the record looking for factual disputes, it is not required to scour the party's various submissions to piece together appropriate arguments." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). Consequently, because Defendant merely takes issue with the Court's resolution of his Motion for Summary Judgment and does not point to any facts or controlling law in his Memorandum in Support of Summary Judgment that the Court overlooked in reaching its decision, he fails to meet the threshold requirement for a motion for reconsideration. Accordingly, Defendant's Motion for Reconsideration is **granted** solely to permit the foregoing analysis of the grounds for it. For the reasons set forth above, the prior ruling will stand.

**III.    CONCLUSION**

For the reasons stated herein, Defendant's Motion for Reconsideration [Doc. No. 27] is **granted** and the prior ruling is adhered to.

SO ORDERED.

Dated at New Haven, Connecticut, February 25 , 2004.

/s/

Peter C. Dorsey
United States District Judge

5